Dear Mr. Burmaster:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You asked two questions:
 1. May a parish employee or officer use a credit card, which was issued to a public entity, to make personal purchases even though he later reimburses the local government for those purchases?
 2. What is the parish employee's or official's civil or criminal liability if he writes the governing authority an insufficient funds check to pay for the private purchases and later pays the full amount owed in cash?
In response to your first question, under La. R.S. 42:1461 (A), a public official shall not "misappropriate, misapply, convert, or misuse or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed." Therefore, under this statute, a parish employee or officer would be prohibited from using a credit card, which was issued to a public entity, for personal purchases unless he has been given specific authority by the public entity.
Also, La. Const. Art. VII, § 14 (A) prohibits "the funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged or donated to or for any person, association or corporation, public or private." This provision prohibits public officials or employees from using the credit of the state or its political subdivisions for personal purposes. Because the Plaquemines Parish Council is a political subdivision of the State, its officers or employees cannot use the council's credit card for personal charges except in very restricted circumstances. (See: Attorney General Opinion No. 89-369, which held that family members may accompany a public official in a state-owned vehicle issued to the official if the travel by the official is for a public purpose. The opinion also states that the state should be reimbursed for any substantial cost incurred in excess of the cost had the family member not accompanied the official.) The inference is that the use of public property is ordinarily prohibited under La. R.S. 42:1461 (A) if it is used for personal endeavors. However, the use can be remedied by reimbursing the public entity. Therefore, it would not be a violation of La. R.S. 42:1461 (A) or La. Const. Art. VII, § 14 (A) to allow for a public official or employee to use a credit card issued to a public entity in making a personal charge in cases of extraordinary emergency if that official or employee promptly remits payment to the public entity as soon as possible after the charges are made and prior to receipt of the bill for payment by the public entity. If this is done the credit of the public entity would not be extended for personal use. Public officers or employees should not routinely use a public entity's credit card for personal purchases.
As to your second question, there are several statutes which might be used to prosecute the parish employee or officer. Possible applicable criminal statutes include: La. R.S.14:67.3, unauthorized use of an access card; La. R.S. 14:68, unauthorized use of a movable; La. R.S. 14:71, issuing worthless checks; and possibly La. R.S. 14:134, malfeasance in office. However, the viability of any criminal charge is fact-specific and may depend upon the offender's intent. Additionally, any decision to charge a defendant in a criminal case is at the sole discretion of the local district attorney. (See La. C.Cr.P. Art. 61.) This office advises you to bring these matters to the attention of your local district attorney.
I hope this opinion has satisfactorily answered your other questions. If our office can be of further assistance, please do not hesitate to contact use.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:ams 1529y